**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHANE MICHAEL SANDCRANE, | ) | 1:14-cv-01000 GSA HC |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| PAUL COPENHAVER, Warden, | ) ) ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | ) ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his 2009 conviction in the United States District Court for the District of Montana for murder for which he was sentenced to 540 months in prison.

Petitioner filed the instant petition for writ of habeas corpus on June 26, 2014. The petition presents four claims of ineffective assistance of counsel.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or

1  because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)
2  (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843
3  F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
4  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582
5  (9th Cir.1956).

6  The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy
7  (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim
8  of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.
9  Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or
10 ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

11 In this case, Petitioner is challenging the validity and constitutionality of his federal sentence
12 as imposed by the United States District Court for the District of Montana, rather than an error in the
13 administration of his sentence.  Therefore, the appropriate procedure would be to file a motion
14 pursuant to § 2255 in the District of Montana, and not a habeas petition pursuant to § 2241 in this
15 Court.  Petitioner does not state whether he has already sought relief pursuant to § 2255.  Even if
16 Petitioner has filed a prior § 2255 motion, this alone does not demonstrate that the remedy under §
17 2255 is inadequate or ineffective.  Aronson, 85 S.Ct. at 5.  In addition, Petitioner makes no showing
18 that he has been precluded from presenting his claims in the sentencing court.  Therefore, Petitioner
19 fails to show that he has never had an unobstructed procedural opportunity to present his claims.

20 Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause
21 of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth
22 Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the
23 standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614
24 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual
25 innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that
26 no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks
27 omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he
28 must show not just that the evidence against him was weak, but that it was so weak that "no reasonable

juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954. In this case, Petitioner does not make a showing of actual innocence. Rather, he complains that his defense counsel performed ineffectively in various respects. Since he fails to demonstrate actual innocence, he cannot pass seek relief through the savings clause. See <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); <u>Edwards v. Daniels</u>, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted'"), *adopted by* <u>Edwards v. Daniels</u>, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See <u>Lorentsen</u>, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); <u>see also</u> <u>Stephens</u>, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in <u>Bousley</u> and, thus, failed to properly invoke the escape hatch exception of Section 2255); <u>Harrison</u>, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

    In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 7, 2014**                              **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE